UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YVONNE ERVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:08-cv-0970-DFH-DML |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

ENTRY ON ATTORNEY FEE APPLICATION

The court entered final judgment remanding this case to the Commissioner of Social Security for further consideration. Prevailing plaintiff Yvonne Ervin has moved for an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Her total request is for $4,209. The defendant Commissioner of Social Security argues that no fee should be awarded because his position was, in the terms of the EAJA, "substantially justified." The court finds that the Commissioner's position in this case was substantially justified and therefore denies the fee request.

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the

> United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In general, to be eligible for a fee award under this provision, four elements must be satisfied: (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application. See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. Ms. Ervin is a "prevailing party" for purposes of the EAJA. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA). The only eligibility issue the Commissioner has raised is whether his position was "substantially justified."

The Commissioner has the burden of proving that his position was substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). The court will look to both the agency's pre-litigation conduct and its litigation position, and must make one determination as to the entire civil action. *Stewart*, 561 F.3d at 683;

*Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). Ms. Ervin chose not to argue this issue in her opening brief, and she did not file a reply brief to respond to the Commissioner's arguments in favor of finding his opinion substantially justified.[1]

To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cunningham*, 440 F.3d at 864. It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 566. On the other hand, the Commissioner's position need not have been correct. See *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified to a high degree." The standard is satisfied if there is a "genuine dispute" or if reasonable persons could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

---

[1] Ms. Ervin's initial silence on the issue of substantial justification is both common and pragmatic. The Commissioner often agrees that fees should be awarded, and the burden of persuasion is on the Commissioner. Plaintiffs' counsel avoid spending time on an issue that may not be disputed by waiting to see whether the Commissioner will contest the point and if so, how.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner. If the court has remanded the denial of benefits, that deferential standard of review does not necessarily mean that the Commissioner's position could not have been substantially justified for purposes of the EAJA. See, *e.g.*, *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that he had a rational ground for denying benefits. *Id.*

Several recent decisions by the Seventh Circuit provide helpful guidance for determining when the Commissioner's position is and is not substantially justified. In *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009), the district court had remanded the denial of benefits but had then denied fees under the EAJA. The Seventh Circuit reversed the denial of fees. The court first explained that the district court had not erred by noting that the plaintiff had not prevailed on all of her arguments. *Id.* at 683. The district court is required to consider the government's conduct as a whole, which can include the ALJ's decision itself and the government's position in the litigation. But the appellate court held that the district court had erred in finding that the Commissioner's position was substantially justified. The ALJ's decision had contravened long-standing agency regulations and judicial precedent in determining the plaintiff's residual functional capacity and in formulating the key hypothetical question for the vocational expert. *Id.* at 684-85. The ALJ had failed to identify the "new and material evidence" that led him to reject the agency physicians' determination of residual

functional capacity and had failed to explain the supposed inconsistencies between the plaintiff's daily activities and the medical evidence. There was such a complete failure to explain the key findings that the Seventh Circuit found that the Commissioner's position was not substantially justified. *Id.* at 684. On the hypothetical question, the court found that the Commissioner was stubbornly adhering to a position that the Seventh Circuit and other circuits had repeatedly rejected. *Id.* at 685.

Similarly, in *Golembiewski v. Barnhart*, 382 F.3d 721 (7th Cir. 2004) the district court had remanded the denial of benefits but denied the plaintiff's petition for fees under the EAJA. The Seventh Circuit reversed the denial of the fee petition. The Seventh Circuit noted that the remand had been required because the ALJ had violated clear and longstanding judicial precedent and had violated the Commissioner's own rulings and regulations. *Id.* at 724. The ALJ had failed to address credibility, failed to apply the familiar factors under SSR 96-7p for evaluating a claimant's subjective complaints of pain, and mischaracterized and ignored significant medical evidence. *Id.* The Seventh Circuit noted that it had not rejected any of the plaintiff's arguments on appeal and had not adopted any position argued by the Commissioner in defense of the ALJ's decision. *Id.* at 725. Finally, the court observed that the Commissioner had tried to defend the ALJ's decision based on reasoning that the ALJ had not provided, contrary to well established law. *Id.* On that record, the denial of fees was an abuse of discretion.

On the other side of the EAJA boundary, by comparison, is *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006), in which the Seventh Circuit affirmed the denial of fees. The underlying remand on the merits had been based on the ALJ's failure to address a key medical report that had limited the claimant to unskilled work and had added a limitation of only part-time work. The ALJ had adopted the limitation to unskilled work but had rejected the part-time limitation, apparently treating the doctor's opinion on that issue as something beyond the scope of a medical opinion. The district court had disagreed on the merits and found that the ALJ had failed to comply with SSR 96-8p, which requires ALJs to explain when they disagree with a medical source's opinion. *Id.* at 990. Both the district court and the Seventh Circuit, after closely parsing the doctor's report, however, found that there had been a reasonable (if erroneous) basis for treating the part-time limit as a non-medical opinion. *Id.* at 991-92. The Commissioner's position therefore had been substantially justified.

Similarly, in *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006), the Seventh Circuit affirmed the district court's denial of fees under the EAJA and distinguished *Golembiewski*. In *Cunningham* itself, the underlying remand had been based on the ALJ's failure to explain the reasoning as carefully and thoroughly as necessary. "It was not that the ALJ failed to engage in any credibility determination as in *Golembiewski*; rather, the ALJ failed to connect all the dots in his analysis." *Cunningham*, 440 F.3d at 865. Such failures may

require remand on the merits but do not make it an abuse of discretion for the district court to deny fees under the EAJA.

In general, then, *Stewart* and *Golembiewski* teach that it will probably be an abuse of discretion to deny fees if the case for remand is strong and clear-cut. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might well be a reasonable bottom-line decision, *Conrad* and *Cunningham* teach that it will probably not be an abuse of discretion to deny fees.[2]

The issue is a close one, but the court finds that this case is closer to *Conrad* and *Cunningham* than it is to *Stewart* and *Golembiewski*. The Commissioner's position in this litigation was substantially justified. The record included substantial evidence supporting the denial of benefits, but the ALJ did not adequately consider Dr. Bourdillon's overall opinions, which tended to support the claim of disability. Nor did the ALJ explain sufficiently his reliance upon the doctor's two comments to the effect that Ms. Ervin was "holding her own" and

---

[2]This analysis is consistent with a very recent opinion by the Seventh Circuit, *United States v. Thouvenot, Wade & Moerschen, Inc.*, No. 09-2421, 2010 WL 547901 (7th Cir. Feb. 18, 2010), which resolved three EAJA appeals, including two from Social Security disability cases. The Seventh Circuit reversed the denial of fees in one case (Bauer) in which the evidence of total disability was "essentially uncontradicted," even though the Commissioner had persuaded the district court to affirm the original denial of benefits, a decision later reversed by the Seventh Circuit. The Seventh Circuit affirmed the denial of fees in another case (Park) in which the underlying remand had been based on an ALJ's failure to explain a finding adequately and his reliance upon unduly ambiguous evidence.

"could do what she needed to do." The basis for the remand – the need for the ALJ to consider and explain further – leads the court to exercise its discretion to deny an award of fees under the EAJA in this case. Taken as a whole, the government's position in Ms. Ervin's case had substantial justification even though the court ordered a remand in the case.

So ordered.

Date: February 23, 2010

*[signature: David F Hamilton]*

DAVID F. HAMILTON, CIRCUIT JUDGE*
*sitting by designation

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Charles D. Hankey
charleshankey@hankeylawoffice.com